98 F.3d 1343
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Suzanna WILLIAMS; Mohamed Ali, Plaintiffs-Appellants,
v.
Howard CARLTON, Defendant-Appellee.
 No. 96-5078.
 United States Court of Appeals, Sixth Circuit.
 Oct. 7, 1996.
 
 1
 Before: BOGGS and SILER, Circuit Judges; McCALLA, District Judge.*
 
 ORDER
 
 2
 Suzanna Williams, a Tennessee citizen proceeding pro se, and Mohamed F. Ali, a Tennessee prisoner proceeding pro se, appeal a district court order denying their motion for a temporary restraining order and for a preliminary injunction filed in conjunction with their civil rights action under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Ali is a state prisoner housed in the Northeast Correctional Center (NECC) in Mountain City, Tennessee, and Williams is his fiancee. They claim that the warden of NECC unconstitutionally restricted Williams's visitation with Ali, and also violated state law by defaming them. Williams and Ali sought monetary, declaratory, and injunctive relief.
 
 
 4
 On September 18, 1995, Williams and Ali filed a motion for a temporary restraining order and for a preliminary injunction, supported by affidavits. In their motion, Williams and Ali sought the restoration of Ali's visitation privileges with Williams and the expungement of the alleged defamatory material from Ali's institutional file.
 
 
 5
 The district court denied the motion for injunctive relief without specific findings. Williams's and Ali's subsequent motion to reconsider was denied in an order filed December 13, 1995. This timely appeal followed.
 
 
 6
 Upon review, we conclude that the district court did not abuse its discretion in denying the motion for injunctive relief. Sandison v. Michigan High School Athletic Ass'n, 64 F.3d 1026, 1030 (6th Cir.1995).
 
 
 7
 In determining whether to grant a preliminary injunction, the district court must consider: 1) whether the movant has shown a strong or substantial likelihood or probability of success on the merits; 2) whether the movant has shown that irreparable injury will occur absent the injunction; 3) whether the preliminary injunction could harm third parties; and 4) whether the public interest would be served by issuing the preliminary injunction. Frisch's Restaurant, Inc. v. Shoney's Inc., 759 F.2d 1261, 1263 (6th Cir.1985).
 
 
 8
 Williams and Ali have not shown that they are likely to succeed on the merits of their claim regarding visitation rights. Prisoners do not have a due process right to unfettered visitation. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989) (It cannot "seriously be contended, in light of our prior cases--that an inmate's interest in unfettered visitation is guaranteed directly by the Due Process Clause."). See also Sandin v. Conner, 115 S.Ct. 2293 (1995) (limiting the ability of prison regulations to create liberty interests). A fortiori, a citizen simply does not have a right to unfettered visitation of a prisoner that rises to a constitutional dimension.
 
 
 9
 Nor do the other factors under consideration favor granting the injunction. While Williams and Ali argue that they will suffer irreparable harm, they have not shown what the harm will be or how it will result without the injunction. Williams's six month suspension of visitation does not constitute irreparable injury which would justify the imposition of injunctive relief. Additionally, we note that there is a strong likelihood that the issue of Williams's visitation rights is now moot. Williams's six month suspension expired by its own terms in February 1996. The injury, if any, is no longer "both real and immediate." City of Los Angeles v. Lyons, 461 U.S. 95, 101-02 (1983). While it does not appear that granting the injunction would cause substantial harm to others, it also does not appear that any public interest would be advanced by issuing the injunction in this case. As at least three of the four factors under consideration weigh heavily against Williams and Ali, the district court did not abuse its discretion in denying Williams's and Ali's motion for a preliminary injunction.
 
 
 10
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Jon P. McCalla, United States District Judge for the Western District of Tennessee, sitting by designation